# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:18-cr-04117-RK ) |
| (2) CLINT TRAVIS RODGERS, | ) ) |
| Defendant. | ) |

## **ORDER**

Before the Court is Defendant Clint Rodgers' second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821. (Doc. 149.) This motion is fully briefed. (Docs. 151, 155, 156.) After careful consideration and complete review of the motion on the merits, the Court **ORDERS** that Defendant's motion for compassionate release and to reduce sentence is **DENIED**.

## Background

On October 12, 2021, Mr. Rodgers pleaded guilty to one count of criminal infringement of copyright in violation of 18 U.S.C. § 2319(b)(3) and 17 U.S.C. § 506, as charged in a Substitute Information. (*See* Docs. 78, 79, 80.) On the same day, Mr. Rodgers' wife and co-defendant, Tabitha Rodgers, pleaded guilty to one count of criminal copyright infringement for profit in violation of 18 U.S.C. § 2319(b) and 17 U.S.C. § 506. (*See* Docs. 74, 75.) Both defendants pleaded guilty before U.S. Magistrate Judge Epps, and the Court accepted each guilty plea upon Judge Epps' Report and Recommendations to do so. (Docs. 76, 81, 82, 83.)

The Court sentenced both defendants on February 8, 2023. The Court sentenced Mrs. Rodgers to a term of 48 months' imprisonment, (Docs. 113, 115), and Mr. Rodgers to a term of 12 months' imprisonment, (Docs. 112, 123). The Court stayed imposition of Mr. Rodgers' sentence until after the release of Mrs. Rodgers. (Doc. 123.) Accordingly, on April 17, 2025, after Mrs. Rodgers had been released to home confinement, the Court ordered that Mr. Rodgers self-surrender to begin serving his 12-month sentence on August 21, 2025. (Doc. 134.)[1]

---

[1] It appears that Mr. Rodgers' release date is approximately July 14, 2026.

**Discussion**

I. **Compassionate Release**

First, Mr. Rodgers seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1). Defendant argues that he demonstrates extraordinary and compelling circumstances for compassionate release including his family circumstances and medical conditions, and that the sentencing factors under 18 U.S.C. § 3553(a) weigh in favor of compassionate release.

Defendant has not shown an extraordinary and compelling reason for reduced sentence due to family circumstances. He generally argues that his children are traumatized and recovering after their mother's release to home confinement from incarceration, that the family needs to stay together to seek counseling, and that his son was in a motorcycle accident and Defendant would be needed to help take care of him. Considering U.S.S.G. § 1B1.13(b)(3), which defines extraordinary and compelling reasons for compassionate release as to certain family circumstances, Defendant has not shown that his children are incapable of self-care due to a medical condition and Defendant fails to establish that he is the only caregiver available to provide care and assistance to his children. In fact, Defendant concedes that the children's mother, Mrs. Rodgers, was recently released from incarceration and he has provided no reason why she is unable to provide for the children.

Neither has Defendant shown that his various medical conditions demonstrate an extraordinary and compelling reason for compassionate release. Despite providing a list of various conditions and symptoms, Defendant has not shown that he cannot provide self-care within a BOP facility; nor has Defendant shown that he requires long-term or specialized care that is not provided by the BOP, or that the BOP is unable to effectively manage his various conditions and symptoms. *See* U.S.S.G. § 1B1.13(b)(1)(B) and (C); *United States v. Ayon-Nunez*, No. 1:16-cr-00130-DAD, 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.").[2]

---

[2] The Court notes that at the time of sentencing, Defendant reported being in "excellent physical health with no medical problems," that he "does not take any daily medication," and that he "is not under a physician's care." (Doc. 91 at 10 (PSR).) The first indication regarding Defendant's medical concerns and symptoms arose in Defendant's motion to extend his surrender date, (Doc. 137)—filed one month before the August 21, 2025 self-surrender date ordered by the Court, (Doc. 134). Defendant sought to extend his reporting date by two months, which he represented "will allow him to not have delay in treatment . . . and have his medical issues treated." (Doc. 141 at 3.) Defendant argued (without any support) that "[w]hatever BOP prison doctor examines Mr. Rodgers, he will not be able to treat his issues," but will require referral to an outside specialist. (*Id.*) Defendant now seeks compassionate release based on many

2

Before proceeding further, the Court notes that in Defendant's brief, Counsel W. Tom Norrid cites various cases for each medical condition or symptom Defendant alleges suggesting that "[n]umerous courts have granted compassionate release to defendants who suffer from" the same medical condition or symptoms as Defendant. The Court finds the authority cited by Mr. Norrid to be inaccurate and misleading to the Court. The cases cited by Mr. Norrid are simply factually and legally inapposite or are easily distinguishable on their face. The cited cases include:

(1) cases in which the district court actually denied compassionate release,[3]

(2) a case granting compassionate release based on the circumstances of the then-rampant COVID-19 pandemic that was reversed on appeal,[4]

(3) cases in which the district court granted compassionate released based on non-medical extraordinary and compelling reasons (including cases where the district court explicitly considered—and rejected—a defendant's argument for compassionate release based on asserted medical conditions and symptoms),[5] and

(4) cases in which the district court granted compassionate release based on medical condition(s) and surrounding circumstances that are patently distinguishable from Defendant's asserted conditions, symptoms, and circumstances.[6]

---

of the same conditions and symptoms. He did not present the same argument in his compassionate release motion that the BOP is "not . . . able to treat his issues" or that he has not received the treatment and medical care necessary to manage his conditions and symptoms since beginning his term of incarceration.

[3] *United States v. McLean*, No. 4:93-CR-22, 4:93-CR-47, 2022 WL 17253637, at *10-12 (E.D. Tex. Nov. 28, 2022); *United States v. Maxton*, No. 13-cr-00411-PAB, 2020 WL 6565231, at *2-4 (D. Colo. Nov. 9, 2020).

[4] *United States v. DeFoggi*, No. 8:13CR105, 2022 WL 1785435 (D. Neb. June 1, 2022), *rev'd by* Case Nos. 22-2327 & 22-2397, 2023 WL 4112142 (8th Cir. June 22, 2023).

[5] *United States v. Blackbird*, No. CR 05-174-GF-BMM-1, 2024 WL 3552446, at *2-3 (D. Mont. July 26, 2024); *United States v. Gallardo*, No. 19-CR-2608-GPC, 2024 WL 4879493, at *6 (S.D. Cal. Jan. 8, 2024); *United States v. Johnson*, No. ELH-99-352, 2023 WL 7130950, at *18-20 (D. Md. Oct. 27, 2023); *United States v. Woods*, No. 3:12-40-JFA, 2023 WL 4768345, at *7 (D.S.C. July 26, 2023); *United States v. Hernandez*, No. 5:15-cr-00033, 2022 WL 17905070, at *2-3 (S.D.W.V. Dec. 22, 2022); *United States v. Dunich-Kolb*, No. 14-150 (KM), 2022 WL 580919, at *3-7 (D.N.J. Feb. 14, 2022); *United States v. Johnson*, No. 05-cr-00167-WHA-5, 2021 U.S. Dist. LEXIS 209833, at *8 (N.D. Cal. Oct. 30, 2021); *United States v. Ball*, No. 06-cr-20465, 2021 WL 2351088, at *3-5 (E.D. Mich. June 9, 2021).

[6] *United States v. Carter*, No. 13-CR-900 (JMF0, 14-CR-501 (JMF), 2025 WL 1865278, at *1 (S.D.N.Y. July 7, 2025); *United States v. Manna*, No. 88-00239 (RK), 2025 WL 1122286, at *4-6 (D.N.J. Apr. 16, 2025); *United States v. Gaddy*, No. CR 488-032, 2025 WL 815632, at *3-6 (S.D. Ga. Mar. 13, 2025); *United States v. Trucchio*, No. 8:04-cr-348-CEH-TGW, 2024 WL 4869547, at *6-7 (M.D. Fla. Nov. 22, 2024); *United States v. Cunningham*, No. CR 12-60-GF-BMM, 2024 WL 50908, at *2-3 (D. Mont. Jan. 4, 2024); *United States v. Stevens*, No. 94-00002-KD, 2023 WL 3236892, at *3-17 (S.D. Ala. May 3, 2023);

The Court addresses each case cited by Mr. Norrid in more detail in Appendix A.

Suffice it to say, unlike the many compassionate release cases cited by Mr. Norrid, Defendant is not elderly (he is approximately 52 years old); he has not been incarcerated for a substantial length of time (whether as a substantial portion of his sentence of imprisonment or otherwise); he does not suffer from either a terminal or life-threatening illness with a significantly limited life expectancy; he does not suffer from any medical condition that he has shown the BOP has not or reasonably will not be able to provide appropriate care and treatment; he does not suffer from any ailment or medical condition that hinders his ability to care for himself on a daily basis; and he is not incarcerated during the height of the COVID-19 pandemic or the surge of any similar and widespread deadly strain of an infectious disease.

Collecting cases for the proposition that "[n]umerous courts have granted compassionate release to defendants who suffer [insert Defendant's same condition]" is at best unhelpful and at worst misleading when presented as support for why the Court should consider any of Defendant's medical conditions or ailments to be an extraordinary and compelling circumstance to grant compassionate release for all of the reasons explained above. If this is not an intentional misrepresentation to the Court, the Court suspects that Mr. Norrid may have used some form of artificial intelligence in drafting this brief without exercising even a minimal level of professional diligence and employing reasonable safeguards. *See* Chief Justice John G. Roberts, Jr., 2023 YEAR-END REPORT ON THE FEDERAL JUDICIARY 5-6 (2023), https://www.supremecourt.gov/publicinfo/year-end/2023year-endreport.pdf [https://perma.cc/29AK-SBRU] (recognizing some of the "great potential" of AI, along with its risks, and emphasizing that "any use of AI requires caution and humility"). But even if not, the brief counsel submitted represents poor advocacy and lawyering well below that which is expected of counsel appearing before the Court as an officer of the Court.

---

*United States v. Garcia-Gonzalez*, No. 19CR4809-AJB, 2022 WL 22894879, at *1 (S.D. Cal. Oct. 27, 2022); *United States v. Robinson*, No. 89 CR 908-31, 2022 WL 4119800, at *4-5 (N.D. Ill. Sept. 9, 2022); *United States v. Howard*, No. 1:04-CR-5234 AWI, 2022 WL 2670032, at *1-3 (E.D. Cal. July 11, 2022); *DeFoggi*, No. 8:13CR105, 2022 WL 1785435, at *6 (reversed on appeal); *United States v. Figueroa*, No. 07-CR-6219-FPG, 2022 WL 167536, at *2 (W.D.N.Y. Jan. 19, 2022); *United States v. Hicks*, No. 2:05-cr-00040, 2022 WL 138690, at *3 (S.D.W.V. Jan. 14, 2022); *United States v. Bronner*, No. 3:19-cr-109-MMH-JRK, 3:17-cr-063-MMH-JRK, 2021 WL 5798302, at *2-3 (M.D. Fla. Dec. 7, 2021); *United States v. Jones*, No. 7:11CR00039-006, 2021 WL 3630459, at *3 (W.D. Va. Aug. 17, 2021); *United States v. Douglas*, No. 10-171-4 (JDB), 2021 WL 214563, at *4-7 (D.D.C. Jan. 21, 2021).

4

Even if Defendant had demonstrated an extraordinary and compelling circumstance, the Court finds that the § 3553 factors weigh against compassionate release. In particular, the Court notes that, as the Government points out, Mr. Rodgers' sentence was initially stayed for the duration of his wife's term of imprisonment to enable him to care for their children and that Mr. Rodgers ultimately pleaded guilty to one misdemeanor offense despite initially being charged with numerous felony offenses. The Court finds independently and separately that even if Defendant had demonstrated an extraordinary and compelling circumstance, that the need to promote respect for the law, the nature and circumstances of the offense, and the need to provide just punishment for the offense heavily weigh against granting Defendant compassionate release.

Therefore, Defendant's motion for compassionate release pursuant to § 3582(c)(1)(A) is **DENIED** after complete review of the motion on the merits.

## II. Motion for Sentence Reduction (Amendment 821)

Defendant also seeks a reduction in sentence under 18 U.S.C. § 3582(c)(2) because he is eligible for relief under Part B of U.S.S.G. Amendment 821 or the "zero point" amendment. In 2023, the Sentencing Commission added U.S.S.G. § 4C1.1, which provides for a two-level downward adjustment to a defendant's offense level if the defendant received zero criminal history points and meets other criteria.

While Defendant would be eligible for the two-point reduction under Amendment 821, he is not eligible for a reduction in sentence because applying the two-point reduction to the offense level would only reduce his guideline range but not his guideline sentence (12 months). At the sentencing hearing, the Court calculated an offense level of 23 and a criminal history category I, which called for an advisory guidelines range of 46 to 57 months' imprisonment and a guideline sentence of 12 months (due to the statutory maximum). Application of the two-point reduction would result in a reduced guidelines range of 37 to 46 months' imprisonment but the guideline sentence would remain at 12 months' imprisonment.

"Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(a). Thus, regardless of the two-point reduction, the controlling guideline sentence for Defendant was and remains 12 months' imprisonment. Even with a reduced guideline range from 46-57 months to 37-46 months, the 12-month sentence given would still be

the same.  In other words, if the Court had calculated Defendants' range to be the reduced 37-46 months, the Court would have still sentenced Defendant to 12 months' imprisonment.[7,8]

## Conclusion

That Defendant "simply wants the opportunity to be free," (Doc. 156 at 4), as counsel asserts in his reply brief, is not a reason to reduce the sentence in this case.  After careful review and consideration, the Court **ORDERS** that Defendant Clint Rodgers' second motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1) (compassionate release) and § 3582(c)(2) (applying Amendment 821's "zero-point" offender reduction), (Doc. 149), is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  February 10, 2026

---

[7] Defendant also argues that there is an internal conflict within the PSR as to section 66 and section 67.  These two sections are not conflicting but rather address two different concepts.  Section 66 sets forth the legally authorized term of probation for a misdemeanor offense which is "not more than 5 years" under 18 U.S.C. § 3561(c)(2).  Section 67 sets forth that a sentence of probation is not authorized in Zone C and D of the Sentencing Guidelines Table under U.S.S.G. § 5B1.1.  Because the sentencing guidelines are no longer mandatory, the Court can order a probation sentence even if a defendant falls within Zone C or D.

[8] Counsel's argument that the Court is authorized to reduce Defendant's sentence to time-served because applying Amendment 821 reduces the "guideline range" without considering § 5G1.1(a) is simply contrary to the plain language of U.S.S.G. § 1B1.10(b)(1), which explains that in considering an amended guideline range the Court should "leave all other guideline application decisions unaffected."  Counsel's suggestion of a meaningful substantive difference between the terms "Guideline Range" and "Guideline Sentence" in this context is simply without any basis in the applicable law.  *See also United States v. Trobee*, 551 F.3d 835, 839 (8th Cir. 2009) ("For those situations in which the mandatory minimum exceeds the range for the entire offense level, the 'guideline sentence' would thus be the same as the 'guideline range,' even if it involves a 'range' of only one number.") (internal quotation marks omitted); *United States v. McFarlin*, 535 F.3d 808, 810 (8th Cir. 2008) ("[B]ecause the statutory maximum was lower than the guideline range, the sentencing guideline range became sixty months.").

# APPENDIX A

## (1) Cited Cases Denying Motion for Compassionate Release

| Case Name and Citation | Defendant Rodgers' Cited Medical Condition | Actual Reason(s) for District Court's Decision |
|---|---|---|
| *United States v. McLean*, No. 4:93-CR-22, 4:93-CR-47, 2022 WL 17253637, at *10-12 (E.D. Tex. Nov. 28, 2022) | Esophagitis | finding no extraordinary and compelling circumstance for compassionate release despite defendant's diagnosis with malignant melanoma, in addition to other conditions including hyperlipidemia and esophageal reflux, finding that the "Defendant did not provide any information or evidence that would indicate his ability to provide self-care within the correctional facility is substantially diminished" and no evidence that the BOP did not have the resources to treat Defendant's condition (where his medical records indicated that he was receiving treatment)<br><br>**while McLean had been diagnosed with esophageal reflux while in BOP custody, among various other ailments and medical conditions, as the district court explained, "[t]he thrust of Defendant's medical argument is that he is entitled to compassionate release because he has been diagnosed with malignant melanoma," and proceeded accordingly. 2022 WL 17253637, at *11. |
| *United States v. Maxton*, No. 13-cr-00411-PAB, 2020 WL 6565231, at *2-4 (D. Colo. Nov. 9, 2020) | Umbilical Hernia | finding no extraordinary and compelling circumstance for compassionate release for defendant with "right inguinal and umbilical hernia repair" among a myriad of other medical conditions because there was no indication that he required assistance to complete activities of daily living or that he was unable to provide self-care or that his conditions were not being treated |

## (2) Cited Case Reversed on Appeal

| Case Name and Citation | Defendant Rodgers' Cited Medical Condition | Actual Reason(s) for District Court's Decision |
|---|---|---|
| *United States v. DeFoggi*, No. 8:13CR105, 2022 WL 1785435, at *6 (D. Neb. June 1, 2022) | Bronchitis | finding extraordinary and compelling circumstances, in part, based on 64-year-old defendant's health conditions (including a history of cancer and bronchitis) that "place him at a high risk of severe illness should he contract COVID-19," holding that "DeFoggi's . . . medical history and conditions in relation to the COVID-19 pandemic . . . constitute[] |

A-1

|  |  | extraordinary and compelling reasons for his compassionate release" |
|  |  | **The Eighth Circuit reversed the cited district court case in the relevant respect on appeal, holding that an "individualized inquiry" was necessary requiring evidence "regarding, inter alia, how or if his conditions were controlled in the prison environment, the rates of infection and death [from COVID-19] at his facility, or the relative health risks if he remained in custody and if her were released." No. 22-2327, No. 22-2394, 2023 WL 4112142, at *2 (8th Cir. June 22, 2023). And the district court subsequently denied Defendant's second motion for compassionate release, finding that the defendant failed to show "why he is *uniquely* at risk from contracting COVID-19" or of an "individualized increased serious risk of complications or death if he contracts COVID-19." No. 8:13CR105, Doc. 488 (Apr. 3, 2024) (slip op.). |

**(3)**      <u>Cited Cases Finding Extraordinary and Compelling Circumstance(s) for Compassionate Release Based on Non-Medical Reasons</u>

| Case Name and Citation | Defendant Rodgers' Cited Medical Condition | Actual Reason(s) for District Court's Decision |
|---|---|---|
| *United States v. Blackbird*, No. CR 05-174-GF-BMM-1, 2024 WL 3552446, at *2-3 (D. Mont. July 26, 2024) | Umbilical Hernia | (1) finding no extraordinary and compelling reason for compassionate release based on defendant's asserted medical conditions including umbilical hernia, among others, for which the district court was unable to "determine the severity of" or "the care that his conditions require, or the effects that his conditions have on his ability to function" because the defendant failed to include progress notes or similar medical documentation, but (2) granting compassionate release based on family circumstances that the district court found were extraordinary and compelling under U.S.S.G. § 1B1.13(b)(3)(C)) |
| *United States v. Legrand*, No. CCB-10-052, 2024 WL 2941282, at *7 (D. Md. June 11, 2024) | Hiatal Hernia | (1) finding no extraordinary and compelling circumstance for compassionate release based on COVID-19 risks with underlying medical conditions (including obesity and type-2 diabetes), and (2) only considering defendant's hiatal hernia, GERD, and other medical conditions in the district court's consideration of whether a change in law constitutes an extraordinary and compelling circumstance for compassionate release, reasoning that given those |

| | | conditions, "it is unlikely that Mr. Legrand, if released . . . would commit [similar] offenses" |
|---|---|---|
| *United States v. Gallardo*, No. 19-CR-2608-GPC, 2024 WL 4879493, at *6 (S.D. Cal. Jan. 8, 2024) | Inguinal Hernia (Left and Right) | finding the combination of defendant's "significant rehabilitation and the effect of COVID-19 and Gallardo's chronic medical conditions" with the clarification or change in law or sentencing disparity to be extraordinary and compelling circumstance for compassionate release |
| *United States v. Johnson*, No. ELH-99-352, 2023 WL 7130950, at *18-20 (D. Md. Oct. 27, 2023) | COVID-19 Long-Hauler | (1) finding no extraordinary and compelling circumstance for compassionate release based on COVID-19 long-hauler symptoms and other medical conditions including abdominal pain, but (2) only finding an extraordinary and compelling circumstance for compassionate release based on a subsequent change in sentencing law and sentencing disparity concerns |
| *United States v. Woods*, No. 3:12-40-JFA, 2023 WL 4768345, at *7 (D.S.C. July 26, 2023) | Bronchitis | (1) finding that the defendant "failed to show an extraordinary or compelling reason for compassionate release" regarding his various medical conditions including asthma and bronchitis with lingering COVID-19 symptoms, but (2) only finding an extraordinary and compelling circumstance for compassionate release based on 18 U.S.C. § 924(c) stacking concerns in light of the First Step Act amending § 924(c) |
| *United States v. Hernandez*, No. 5:15-cr-00033, 2022 WL 17905070, at *2-3 (S.D.W.V. Dec. 22, 2022) | COVID-19 Long-Hauler Symptoms | (1) finding no extraordinary and compelling circumstance for compassionate release on medical grounds as a COVID-19 "long-hauler", but (2) finding extraordinary and compelling circumstance for compassionate release based on a change in sentence law that would impact the defendant's career-offender status for sentencing purposes and the lengthy sentence already served (92 percent of his 10-year sentence) |
| *United States v. Dunich-Kolb*, No. 14-150 (KM), 2022 WL 580919, at *3-7 (D.N.J. Feb. 14, 2022) | Bronchitis | (1) finding no extraordinary and compelling circumstance for compassionate release based on asserted medical reasons including risk of COVID-19 infection, obesity, or the defendant's self-diagnosed "stage four bronchitis" or other chronic lung diseases which were not reflected in the defendant's medical records, but (2) finding as an extraordinary and compelling circumstance for compassionate release the need to care for his 82-year-old mother for whom defendant had been the sole caretaker and who both "[a] treating osteopath confirms . . . requires assistance with the activities of daily living" and who "would be at unusual risk of severe injury from a fall," and where the defendant's brother "does nothing to provide the day-to-day assistance to his mother" |

A-3

| Case Name and Citation | | |
|---|---|---|
| *United States v. Johnson*, No. 05-cr-00167-WHA-5, 2021 U.S. Dist. LEXIS 209833, at *8 (N.D. Cal. Oct. 30, 2021) | Bronchitis | (1) expressly declining to "decide whether Mr. Johnson's medical conditions—chronic asthma, chronic bronchitis, and chronic allergic rhinitis—combined with COVID-19, rise to the level of extraordinary and compelling reasons" (2) after finding extraordinary and compelling circumstance for compassionate release based on the defendant's youthful age at the time of sentencing in combination with the defendant's rehabilitation while incarcerated |
| | | |

**(4)** **Cited Cases Finding Extraordinary and Compelling Circumstance(s) for Compassionate Release for Facially Dissimilar Medical Reasons**

| Case Name and Citation | Defendant Rodgers' Cited Medical Condition | Actual Reason(s) for District Court's Decision |
|---|---|---|
| *United States v. Carter*, No. 13-CR-900 (JMF0, 14-CR-501 (JMF), 2025 WL 1865278, at *1 (S.D.N.Y. July 7, 2025) | Esophagitis | finding extraordinary and compelling circumstance under U.S.S.G. § 1B1.13(b)(2), considering defendant's age (67 years old), that he served 92% (or approximately 13 years) of his approximately 14.5-year term of imprisonment, and medical conditions (debilitating arthritis that "limits his ability to perform routine, daily activities," along with diaphragmatic hernia, hyperlipidemia, prediabetes, GERD, age-related cataracts, and Vitamin D deficiency |
| *United States v. Manna*, No. 88-00239 (RK), 2025 WL 1122286, at *4-6 (D.N.J. Apr. 16, 2025) | Inguinal Hernia (Left and Right) | finding extraordinary and compelling circumstance under U.S.S.G. § 1B1.13(b)(2), as to 95-year old defendant with "well-chronicled severe health problems" including "high-risk Stage II metastatic lung cancer," i.e., a "terminal illness," and where medical records indicated that "Mr. Manna's deteriorating health has substantially diminished his ability to care for himself<br><br>**right inguinal hernia was listed only in passing referencing forth patient diagnoses for Manna contained within FMC Rochester's medical summary, 2025 WL 1122286, at *5 n.6. |
| *United States v. Gaddy*, No. CR 488-032, 2025 WL 815632, at *3-6 (S.D. Ga. Mar. 13, 2025) | COVID-19 Long-Hauler Symptoms | finding extraordinary and compelling circumstance under U.S.S.G. § 1B1.13(b)(2) for 85-year-old defendant who has served approximately 36 years in prison with a life expectancy of "less than three years," suffering compromised vision, hearing, breathing, and mobility, with expert evidence that he "has permanent and debilitating illnesses that cause significant disability in his daily life" and that his "multiple medical problems . . . demonstrate age-related deterioration of health and that make him at |

A-4

| | | |
|---|---|---|
| | | high risk of serious physical injury and accelerated cognitive decline," including coronary artery disease, nuclear cataract of both eyes, posterior vitreous detachment of his left eye, idiopathic peripheral neuropathy, abdominal pain, incontinence, swelling of the prostrate, frequent UTI's, and diabetes mellitus, and severe joint pain |
| *United States v. Trucchio*, No. 8:04-cr-348-CEH-TGW, 2024 WL 4869547, at *6-7 (M.D. Fla. Nov. 22, 2024) | COVID-19 Long-Hauler Symptoms | finding extraordinary and compelling circumstance under U.S.S.G. § 1B1.13(b)(2), as to 73-year-old defendant, having served at least 10-years of his sentence, and where his "extensive medical conditions" (including COPD, spinal muscular atrophy, acute osteoarthritis, legal blindness) "has clearly extensively declined . . . and [he] is experiencing deteriorating physical health because of the aging process, that has substantially diminished his ability to provide self-care within the prison environment," including where defendant was "largely wheelchair bound" with "limited physical movement" |
| *United States v. Cunningham*, No. CR 12-60-GF-BMM, 2024 WL 50908, at *2-3 (D. Mont. Jan. 4, 2024) | Inguinal Hernia (Left and Right) | finding extraordinary and compelling circumstance under U.S.S.G. § 1B1.13(b)(2), as to 81-year old defendant who had a hernia, seizures, and compression fractures in his neck and back, among other ailments, and who had served more than 70 percent of his 180-month term of imprisonment |
| *United States v. Stevens*, No. 94-00002-KD, 2023 WL 3236892, at *3-17 (S.D. Ala. May 3, 2023) | Umbilical Hernia | finding extraordinary and compelling circumstance under U.S.S.G. § 1B1.13(b)(2), as to 67-year-old defendant who had served 29 years of his life-sentence, and whose health had "seriously deteriorated because of the aging process," where (1) evidence submitted in support by medical experts showed that the defendant "is not receiving prompt or proper treatment for his diagnosed illnesses and (2) several diagnoses—not including the defendant's umbilical hernia which had been surgically repaired and resolved while incarcerated—such as loss of his left eye and deterioration in vision of his right eye due to glaucoma and rheumatoid arthritis, neuropathies, and hyperparathyroidism and parathyroid adenoma "indicate that Stevens is experiencing a serious deterioration because of the aging process, which is beyond what is normally experienced" |
| *United States v. Garcia-Gonzalez*, No. 19CR4809-AJB, 2022 WL 22894879, at *1 (S.D. Cal. Oct. 27, 2022) | Hiatal Hernia | finding extraordinary and compelling circumstance "given Mr. Garcia's degenerative condition, including muscular dystrophy, acute myeloid leukemia, hyperlipidemia, major depressive disorder, wheelchair confinement hiatal hernia, and an assigned 'inmate companion to perform his Activities |

A-5

| | | of Daily Living," for which the government did not oppose as a basis for compassionate release |
|---|---|---|
| *United States v. Robinson*, No. 89 CR 908-31, 2022 WL 4119800, at *4-5 (N.D. Ill. Sept. 9, 2022) | Esophagitis | finding extraordinary and compelling circumstance under U.S.S.G. § 1B1.13(b)(2), as to 80-year-old defendant in custody for more than 30 years and "is in declining health," including conditions which have required that he "beg[in] using a wheelchair for at least some routine activities" |
| *United States v. Howard*, No. 1:04-CR-5234 AWI, 2022 WL 2670032, at *1-3 (E.D. Cal. July 11, 2022) | Bronchitis | finding extraordinary and compelling circumstance as to 65-year old defendant confined to a wheelchair, dependent on oxygen, and worsening lung diseases including COPD and emphysema that a physician described as "end stage emphysema," "chronic hypoxemic respiratory failure with a limited life expectancy," and indicated that defendant had a "very poor prognosis," and where the BOP facility medical director advised the defendant that BOP "had run out of options and that he [the defendant] should seek a reduction in sentence |
| *United States v. Figueroa*, No. 07-CR-6219-FPG, 2022 WL 167536, at *2 (W.D.N.Y. Jan. 19, 2022) | Esophagitis | finding extraordinary and compelling circumstance based on defendant's documented myriad of medical conditions including end stage renal disease and end stage liver disease, cirrhosis of the liver, and COPD, among others, all of which are "long-term and life-threatening" medical problems with a potential "limited life expectancy" |
| *United States v. Hicks*, No. 2:05-cr-00040, 2022 WL 138690, at *3 (S.D.W.V. Jan. 14, 2022) | Esophagitis | finding extraordinary and compelling circumstance for compassionate release because defendant was terminally ill with incurable cryptogenic liver cirrhosis causing several chronic medical health issues that "leave Mr. Hicks all but incapacitated" and where "[n]either the Government nor the warden . . . dispute that Mr. Hicks' condition is terminal," with a "best prognosis" of "no more than a year to live" |
| *United States v. Bronner*, No. 3:19-cr-109-MMH-JRK, 3:17-cr-063-MMH-JRK, 2021 WL 5798302, at *2-3 (M.D. Fla. Dec. 7, 2021) | Umbilical Hernia | finding extraordinary and compelling circumstance for compassionate release based on defendant's terminal end-stage or terminal liver disease, for which outside medical professionals had advised the U.S. Marshals "to prepare to provide Bronner with 'end of life care' due to the advanced nature of his disease" |
| *United States v. Jones*, No. 7:11CR00039-006, 2021 WL 3630459, at *3 (W.D. Va. Aug. 17, 2021) | Inguinal Hernia (Left and Right) | finding extraordinary and compelling circumstance for compassionate release based on the defendant's "current inability to obtain necessary surgery while incarcerated" to fix an inguinal hernia because of the COVID-19 pandemic and BOP's suspension of all non-emergency medical procedures at that time, where defendant had already served more than 122 |

| | | months (more than 10 years) of a 240-month sentence |
|---|---|---|
| *United States v. Newell*, No. 1:13-CR-165-1, 1:15-CR-362-1, 1:13-CR-214-2, 2021 U.S. Dist. LEXIS 143059, at *3-15 (M.D.N.C. July 30, 2021) | Umbilical Hernia | finding extraordinary and compelling circumstance for compassionate release based on being in the height of the COVID-19 pandemic without expressly considering defendant's umbilical hernia, for defendant who had been in custody for approximately 8 years |
| *United States v. Ball*, No. 06-cr-20465, 2021 WL 2351088, at *3-5 (E.D. Mich. June 9, 2021) | Inguinal Hernia (Left and Right) | finding extraordinary and compelling circumstance for compassionate release based on defendant's medical conditions including obesity, pre-diabetic, and hypertension in the context of the COVID-19 pandemic "in combination with Defendant's other arguments," primarily including a sentencing disparity where "if [Ball] were made to serve his entire term of 30 years [of which he had served more than 10 years], he would be made to serve more time" than two co-defendants who had each been granted compassionate release after serving 10 years of their 20-year sentences and who were more culpable in the RICO conspiracy surrounding the motorcycle club (having occupied a top leadership position or having been convicted of a more serious firearm crime than Ball) |
| *United States v. Douglas*, No. 10-171-4 (JDB), 2021 WL 214563, at *4-7 (D.D.C. Jan. 21, 2021) | Hiatal Hernia | finding extraordinary and compelling circumstance for compassionate release based on defendant's well-documented severe and "uncontrolled hypertension and [left ventricular hypertrophy], insufficient treatment [by BOP], and the virulent prevalence of COVID-19" at the BOP facility as to defendant who had served almost 51 months and had been incarcerated continuously for 28 years since January 1993), with nothing in this case suggesting that the defendant had a hiatal hernia |
| *United States v. McElrath*, No. 3-cr-235 (JNE)(1), 2020 WL 5423067, at *1-2 (D. Minn. Sept. 10, 2020) | Hiatal Hernia | finding extraordinary and compelling circumstance for compassionate release—*as agreed by the parties*—as to defendant who had served over 15 years in prisonbased on defendant's myriad medical conditions (obesity, organ loss in intestines and stomach, hypertension, hyperlipidemia, prostate disorder, esophageal reflux, gastritis, erosive duodenitis, and a hiatal hernia) that "together constitute a 'serious physical or medical condition,'" where (1) the defendant's leg had been amputated, he used a wheelchair, and he has an artificial stomach and (2) all in the context of the COVID-19 pandemic |

A-7